In re Petition for DISCIPLINARY ACTION AGAINST Jeremy Thomas KRAMER, a Minnesota Attorney, Registration No. 282480.

No. A13–1858.

Supreme Court of Minnesota.

Jan. 15, 2014.

### ORDER

The Director of the Office of Lawyers Professional Responsibility filed a petition for disciplinary action alleging that respondent Jeremy Thomas Kramer committed professional misconduct warranting public discipline, namely, misappropriating client funds and interest due under the IOLTA program, failing to properly reconcile his trust account, allowing a nonlawyer signatory on his trust account, and failing to cooperate with the Director, in violation of Minn. R. Prof. Conduct 1.15(a), (c)(3), (h), and (j), 8.1(b), and 8.4(c), and Rule 25, Rules on Lawyers Professional Responsibility (RLPR).

Respondent admits the allegations in the petition, waives his rights under Rule 14, RLPR, and has entered into a stipulation with the Director in which they jointly recommend that the appropriate discipline is an indefinite suspension for a minimum of 5 years. In their stipulation, the parties state that a 5–year suspension is appropriate because respondent informed the Director that during the period in which respondent committed misconduct, events in his family were causing him extreme stress, which is a mitigating factor.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that:

1. Respondent Jeremy Thomas Kramer is indefinitely suspended from the practice of law, effective 14 days from the date of the filing of this order, with no right to petition for reinstatement for 5 years;

2. Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals);

3. Respondent shall pay $900 in costs pursuant to Rule 24, RLPR; and

4. Respondent may petition for reinstatement pursuant to Rule 18(a)-(d), RLPR. Reinstatement is conditioned on successful completion of the professional responsibility portion of the state bar examination and satisfaction of continuing legal education requirements, pursuant to Rule 18(e), RLPR.

BY THE COURT

/s/Alan C. Page
Associate Justice